[No. 19450–0–I. Division One. June 13, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY A. WHITAKER, *Appellant*.

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally F. Stanfield, Deputy,* for respondent.

GROSSE, J.—Whitaker appeals the revocation of probation of his deferred sentence. He alleges that the trial court incorrectly assessed his offender score. We affirm.

On October 30, 1981, Whitaker pleaded guilty to negligent homicide for which he received a 5–year deferred sentence. Whitaker was ordered to serve 6 months in the King County jail and was placed on probation with numerous conditions attached. In 1982 and 1985, Whitaker's probation was modified due to various violations of the conditions of probation. On September 5, 1986, Whitaker again received a notice of revocation of probation for the following violations of his parole:

1. A hit and run conviction on February 26, 1986.
2. A reckless driving conviction on May 27, 1986.
3. Consuming alcohol.
4. Falsifying monthly reports to his probation officer.
5. Failing to perform the requisite community service.

6. Failing to make payments toward his court ordered financial obligations.

Whitaker admitted all of the enumerated violations at his revocation hearing. On October 10, 1986, the court revoked Whitaker's sentence and entered a judgment finding him guilty of negligent homicide and sentencing him to a minimum term of 24 months in prison, based on an offender score of 1 with a sentencing range of 21 to 27 months.

The question presented is whether a trial court, in revoking probation and committing a person to prison for an offense committed prior to the effective date of the Sentencing Reform Act of 1981 (SRA), may take into account a conviction that is prior to the date of the revocation but subsequent to the original conviction for which the probation was originally granted?

RCW 9.95.011 provides in pertinent part:

> When the court commits a convicted person to the department of corrections on or after July 1, 1986, for an offense committed before July 1, 1984, the court shall, at the time of sentencing or *revocation of probation,* fix the minimum term. . . .
>
> The court shall attempt to set the minimum term reasonably consistent with the purposes, standards, and sentencing ranges adopted under RCW 9.94A.040 . . .

(Italics ours.) RCW 9.94A.040 is the provision of the sentencing reform act that sets forth the powers and duties of the Sentencing Guidelines Commission. Thus, RCW 9.95-.011 incorporates the SRA. *Cf. In re Irwin,* 110 Wn.2d 175, 751 P.2d 289 (1988). The provision of the SRA that is applicable, RCW 9.94A.360(1), provides:

> A prior conviction is a conviction which exists *before the date of sentencing for the offense for which the offender score is being computed.* Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed "other current offenses" within the meaning of RCW 9.94A.400.

(Italics ours.) It is the meaning of the words "before the date of sentencing for the offense for which the offender score is being computed" that is at issue here. Whitaker contends that he was sentenced in 1981 at the time of his conviction for negligent homicide when he received the deferred sentence. Whitaker argues that this interpretation is in accord with the rule of lenity.[1] The State contends that the sentencing for the negligent homicide occurred at the revocation hearing.

We agree with the State's conclusion, if not the method by which it was derived. Both parties make much in their briefs and argument of the difference, or lack thereof, between deferred sentences and suspended sentences. However, we do not find that analysis helpful. Rather, we believe the answer can be found in the statute.

As set forth in *State v. Garrison*, 46 Wn. App. 52, 56, 728 P.2d 1102 (1986), even in light of the rule of lenity we must adopt an interpretation of a statute that does not defeat the manifest intent of the Legislature. The purpose of the SRA is to establish a reasonably uniform system of punishment for adult offenders. Revocation of probation involves the imposition of previously deferred or suspended punishment. The Legislature has clearly stated that such punishment is to be reasonably consistent with that which would be imposed under the SRA. To ignore prior convictions, as now defined and utilized in the SRA,[2] in determining the punishment to be imposed would not be "reasonably consistent with the purposes, standards and sentencing ranges adopted under [the SRA]". The SRA also

---

[1]The rule of lenity requires that where a statute is susceptible to two different interpretations, the court must adopt the interpretation most favorable to the defendant. *State v. Welty*, 44 Wn. App. 281, 283, 726 P.2d 472, *review denied*, 107 Wn.2d 1002 (1986).

[2]The definition of a "prior conviction" was added to the SRA effective July 1, 1986. Laws of 1986, ch. 257, §§ 25, 38. This legislative change is applicable to the case at bar. However, with respect to probation revocations that occurred prior to the effective date of the amendment, the result would be the same as that reached herein. *See State v. Garrison, supra.*

requires "serious traffic offenses" of which reckless driving is one, RCW 9.94A.030(20)(a), to be taken into account in computing the offender score relative to a felony traffic offense. RCW 9.94A.360(11). Accordingly, the trial court was correct in including the reckless driving offense as a prior conviction.

The trial court is affirmed.

WEBSTER and PEKELIS, JJ., concur.

Review granted by Supreme Court October 4, 1988.