[No. 55364-5.  En Banc.  April 13, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. JEFFREY A. WHITAKER, *Petitioner.*

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Sally F. Stanfield, Deputy,* for respondent.

DOLLIVER, J.—Defendant Jeffrey Whitaker seeks review of a Court of Appeals decision upholding the trial court's imposition of a minimum sentence under the Sentencing Reform Act of 1981 (SRA) (RCW 9.94A). Defendant asserts the trial court incorrectly figured his offender score by including, as a prior conviction, a conviction which occurred during the probationary period.

Whitaker was found guilty of negligent homicide on December 16, 1981. Instead of imposing sentence, the trial judge placed Whitaker on probation and gave him a deferred sentence. The probation was conditioned on 6 months in jail among other directives.

Due to various probation violations, including a May 27, 1986, reckless driving conviction, the trial court revoked Whitaker's probation and deferred sentence on October 10, 1986. The court then imposed the sentence originally deferred in 1981: a maximum term of 10 years.

In setting the minimum term, as directed by the SRA, the trial court counted the 1986 reckless driving conviction as a prior conviction, and therefore adopted a standard range of 21 to 27 months. The court reasoned that the May

27, 1986, reckless driving conviction was a prior conviction because it existed prior to the revocation hearing, the date on which the trial court imposed the originally deferred sentence and fixed the minimum term.

Whitaker appealed the minimum sentence to the Court of Appeals arguing that the 1986 conviction could not be a prior conviction because it did not exist prior to the 1981 probation hearing, the date on which the trial court granted the deferred sentence and probation. The Court of Appeals affirmed the trial court decision, agreeing that the 1986 conviction was properly included as a prior conviction. *State v. Whitaker,* 51 Wn. App. 745, 748, 754 P.2d 1297 (1988). We reverse.

At issue is whether a trial court, in revoking probation and fixing a minimum term, may count as a prior conviction under the SRA an intervening conviction which is prior to the revocation but subsequent to the original offense.

Even though Whitaker committed the original offense before the SRA, the SRA applies to the revocation proceeding for that offense. RCW 9.95.011, the minimum term provision, provides:

> When the court commits a convicted person to the department of corrections on or after July 1, 1986, for an offense committed before July 1, 1984, the court shall, at the time of sentencing or *revocation of probation,* fix the minimum term. . . .
>
> The court shall attempt to set the minimum term *reasonably consistent* with the purposes, standards, and sentencing ranges adopted under RCW 9.94A.040 . . .

(Italics ours.)

RCW 9.94A.040 is the provision of the SRA that sets forth the powers and duties of the Sentencing Guidelines Commission. Therefore, the minimum term provision quoted above directs the court to incorporate the SRA and to set minimum terms for offenses committed before July 1, 1984. RCW 9.94A.905; *In re Irwin,* 110 Wn.2d 175, 178, 751 P.2d 289 (1988).

The SRA provision which defines a prior conviction is RCW 9.94A.360(1):

A prior conviction is a conviction which exists *before the date of sentencing* for the offense for which the offender score is being computed.

(Italics ours.)

The question, then, is whether the SRA considers Whitaker's "date of sentencing" to have been in 1981 at the probation hearing, when the court deferred imposition of a sentence and placed Whitaker on probation, or in 1986 at the revocation hearing, when the court revoked the probation, imposed the originally deferred sentence, and fixed the minimum term.

In short, Whitaker's basic dilemma is a result of being caught in the overlap of two sentencing systems. Even though the minimum sentencing provision directs the court to incorporate the SRA in setting minimum terms, the Legislature did not repeal the probationary statutes. It only declared them inapplicable to any felony offense committed after June 30, 1984. RCW 9.92.900, RCW 9.95.900, RCW 9.94A.905. *See* D. Boerner, *Sentencing in Washington* § 4.4, at 4-4 (1985). The former statutes continue to govern Whitaker's probation, while the SRA governs the setting of Whitaker's minimum term at the revocation of his probation.

The statutory scheme under which Whitaker originally received probation makes a distinction between the two types of sentences ordered at probation:

A suspended sentence is one actually *imposed* but the execution thereof is thereafter suspended while a deferred sentence is *never imposed* unless defendant violates the condition of his probation.

(Some italics omitted.) *State v. Carlyle,* 19 Wn. App. 450, 454, 576 P.2d 408 (1978) (quoting *State v. Wright,* 202 N.W.2d 72, 77, 56 A.L.R.3d 916 (Iowa 1972)).

As Whitaker received a deferred sentence in 1981, the sentence was never imposed. So, for purposes of the former

statutory scheme, he was never "sentenced" until the revocation hearing in 1986.

The SRA, on the other hand, does not directly address the issue of whether an offender is sentenced when placed on probation because the SRA has eliminated the concept of probation as it existed at the time of Whitaker's probation hearing. RCW 9.95.900.

However, the SRA does have a power comparable to probation in RCW 9.94A.120(5) for first–time offenders and in RCW 9.94A.120(7) for sex offenders. Under those provisions, the court may include community supervision, community service, or both, when sentencing an offender. RCW 9.94A.040(3). Community supervision is similar to probation in that it means a period of time during which a convicted offender is subject to certain prohibitions and conditions. RCW 9.94A.030(6). The sentence that can be imposed on a first–time offender is thus similar, but not identical, to what was previously available as a condition of a deferred or suspended sentence. *See* D. Boerner § 7.7, at 7–9.

More importantly for the analysis of the terms "date of sentencing" and "sentence" under the SRA, when the court places a first–time offender on community supervision, this community supervision option is one of the types of punishment listed under RCW 9.94A.120 "Sentences." Thus, under the SRA, when a defendant is ordered to community supervision, which is the closest penalty to probation under the SRA, the defendant has received a "sentence".

Consequently, had Whitaker been sentenced under the SRA in 1981 and received a probationary–type order of community supervision as a first–time offender, then his "date of sentencing" would have been in 1981 and the subsequent conviction would not be counted as a prior conviction.

Furthermore, the focus of the SRA's provisions for determining minimum sentences has been on the fact of prior convictions and the nature of those convictions—and not on the sentence. *State v. Harper,* 50 Wn. App. 578, 580,

749 P.2d 722 (1988). Thus, the focus in the supporting case law under the SRA has been to look *back* at a deferred sentence and ask whether the deferred sentence should be counted as a prior *conviction*. The courts have held that a deferred sentence is treated as a "conviction served" for purposes of the SRA. *State v. Chavez,* 52 Wn. App. 796, 798, 764 P.2d 659 (1988); *Harper,* at 580.

In contrast, Whitaker's trial court had to look *forward* from the date of the deferred sentence and then ask whether the deferred sentence could be counted as a *sentence* so that any conviction following that date would be a subsequent, not a prior, conviction.

As a result, though not an ambiguous term under the SRA itself, the term "date of sentencing" becomes ambiguous when applied to pre–SRA offenses. Fortunately, this is a problem of short duration which will expire when the probation statute expires.

In the interim, the Legislature has directed sentencing judges to incorporate the SRA and set the minimum term in a "reasonably consistent" manner, RCW 9.95.011. Thus, our goal is to tailor the old definitions to the new realities in a "reasonably consistent" manner.

To be "reasonably consistent" with the cases which hold that a deferred sentence is a "conviction" for purposes of determining a minimum term under the SRA, we hold that a deferred sentence is a "sentence" for purposes of determining a minimum term under the SRA.

To hold otherwise would be illogical, because the 1981 offense had already been counted as a prior conviction served, for purposes of fixing the 1986 minimum term, and then later, the 1986 offense would be counted as a prior conviction, for purposes of fixing the 1981 minimum term. That is, each offense would be treated as a prior conviction to the other.

Therefore, we hold that when a trial court revokes probation for a pre–SRA offense and then calculates the minimum term under the SRA guidelines, the date of

sentencing, for purposes of the SRA, is the date of the original probation hearing.

Hence, the trial court erred in counting the 1986 conviction as a prior conviction in setting the minimum term for Whitaker's 1981 offense. Reversed.

CALLOW, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.