174 P.3d 129 (2007)
CITY OF SEATTLE, Petitioner,
v.
Jesus QUEZADA, Respondent.
City of Seattle, Respondent,
v.
Scott Winebrenner, Petitioner.
Nos. 58336-1-I, 58710-2-I.
Court of Appeals of Washington, Division 1.
December 3, 2007.
Moses Flint Garcia, Stafford Frey Cooper, Seattle, WA, Damon Alexander Platis, Attorney at Law, Lynnwood, WA, for Petitioners.
James Robert Dixon, Dixon & Cannon, Ltd., Moses Flint Garcia, Stafford Frey Cooper, Richard Edward Greene, Seattle City *130 Attorney Public & Community, Seattle, WA, for Respondents.
Theodore Wayne Vosk, Law Offices of Vosk & Velasquez, Bellevue, WA, Schoen R. Parnell, Attorney at Law, Kenmore, WA, Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Amicus Curiae on behalf of Washington Association of Criminal Defense Lawyers.

PUBLISHED OPINION
BECKER, J.
¶ 1 In unrelated prosecutions, the trial court found Jesus Quezada and Scott Winebrenner guilty of driving under the influence (DUI) after revoking their deferred prosecutions. Under RCW 46.61.5055, the court is required to impose an enhanced sentence for DUI based on the number of statutorily designated "prior offenses" occurring "within seven years" of the defendant's arrest for the current offense. We conclude that under the plain meaning of the term, "within seven years" designates the period both before and after the arrest for the current offense. We further conclude that the revoked deferred prosecution for the current offense does not count as a prior offense for sentencing purposes. Because the superior court miscalculated the defendant's prior offenses in each of these cases, we reverse both decisions and remand for resentencing.

FACTS
Jesus Quezada
¶ 2 Jesus Quezada was convicted of DUI in 2001. In 2003, following a second charge of DUI arising from an arrest in 2002, he entered into a deferred prosecution in Seattle Municipal Court. See RCW 10.05.010. In 2005, after a third charge of DUI, Quezada pleaded guilty to reckless driving.
¶ 3 Based on the reckless driving conviction, the trial court revoked Quezada's 2003 deferred prosecution and found him guilty of DUI. At sentencing, the City of Seattle argued that because Quezada had an alcohol concentration of at least 0.15 and "two or more" prior DUI offenses, the court was required to impose an enhanced minimum sentence that included 120 days in jail and 150 days of home monitoring. See RCW 46.61.5055(3)(b). The trial court rejected this argument, concluding that the 2001 DUI was Quezada's sole prior offense, which mandated an enhanced minimum sentence including 45 days in jail and 90 days of electronic home monitoring. See RCW 46.61.5055(2)(b).
¶ 4 On RALJ appeal, the superior court affirmed the determination that Quezada had only one prior offense.[1] We granted the City's motion for discretionary review.
Scott Winebrenner
¶ 5 Scott Winebrenner was charged with DUI in 2001 and entered into a deferred prosecution. In 2005, after being charged with a second DUI, Winebrenner pleaded guilty to reckless driving. In December 2005, based on the reckless driving conviction, the trial court revoked Winebrenner's 2001 deferred prosecution and found him guilty of DUI. At sentencing, the City of Seattle argued that both the 2001 deferred prosecution and the 2005 reckless driving conviction constituted prior offenses for purposes of mandatory minimum sentencing provisions. The trial court concluded that Winebrenner had no prior offenses.
¶ 6 On RALJ appeal, the superior court reversed, agreeing with the City that RCW 46.61.5055 required the inclusion of both the 2001 deferred prosecution and the 2005 reckless driving conviction as prior offenses for purposes of sentence enhancement. We granted Winebrenner's motion for discretionary review and linked Winebrenner's and Quezada's appeals for disposition.

DECISION
City of Seattle v. Quezada
¶ 7 The City contends the sentencing court erred when it determined that Quezada's 2001 DUI conviction was his sole prior offense at the time of the 2005 DUI. We agree that under RCW 46.61.5055, the court was *131 required to count both the 2001 DUI and the 2005 reckless driving convictions as prior offenses. But we reject the City's claim that the revoked 2003 deferred prosecution for the current offense constituted a third prior offense.[2]
¶ 8 In order to address the issues raised in these appeals, we must construe the terms "prior offense" and "within seven years" as used throughout RCW 46.61.5055. We review issues of statutory construction de novo. State v. Hahn, 83 Wash.App. 825, 831, 924 P.2d 392 (1996). Our duty is "to ascertain and give effect to the intent and purpose of the Legislature." Hahn, 83 Wash.App. at 831, 924 P.2d 392. But when statutory language is plain and unambiguous, the legislative intent is clear and no further construction is permitted. State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003). A statute is not ambiguous merely because different interpretations are conceivable. State v. Leyda, 157 Wash.2d 335, 352, 138 P.3d 610 (2006). Over the years, the Legislature has provided increasingly detailed instructions to implement its intent for sentencing those who commit DUI offenses.
¶ 9 Immediately before imposing sentence for a DUI conviction, the sentencing court must verify the defendant's current criminal history and driving record, including all previous convictions and orders of deferred prosecution. RCW 46.61.513(1), (3). RCW 46.61.5055 then directs the court to impose increasingly severe minimum penalties for the DUI conviction based on the number of the defendant's "prior offenses" that occurred "within seven years." Significantly, the Legislature has defined both of these terms.
¶ 10 A "prior offense" for purposes of DUI sentencing is one of the convictions specified in RCW 46.61.5055(12)(a),[3] including DUI convictions and certain convictions resulting from an initial charge of DUI, such as Quezada's 2005 reckless driving conviction. See RCW 46.61.5055(12)(a)(v). Under the circumstances, the Legislature's definition of "prior offense" could not be clearer, and its application to the issues raised in these appeals leaves no room for further construction.
¶ 11 The Legislature's definition of "within seven years" is equally clear. "Within seven years" means that "the arrest for a prior offense occurred within seven years of the arrest for the current offense." RCW 46.61.5055(12)(b). Because the court applies this definition at the time of sentencing, the plain meaning of the term "within seven years" encompasses the period both before and after the arrest date for the current offense.
¶ 12 Because the arrest dates for Quezada's 2001 DUI and 2005 reckless driving convictions occurred within seven years of the 2002 arrest for his current DUI, he had two prior offenses.
¶ 13 Quezada and Amicus curiae Washington Association of Criminal Defense Lawyers argue at great length that because the term *132 "prior" is not defined in RCW 46.61.5055, it must be construed to have its general meaning of "preceding in time" when modifying "offense" and that the arrest for a "prior offense" must therefore precede the arrest for the current offense. Because Quezada's arrest for the 2001 DUI conviction was the sole arrest preceding the arrest for his 2003 DUI deferred prosecution, they maintain the sentencing court correctly determined he had only one prior offense.
¶ 14 But Quezada's arguments ignore the statutory definition of "within seven years." Moreover, they require removal of the word "prior" from its context in RCW 46.61.5055, where it is used solely in the term "prior offense." Such an analysis is ultimately irrelevant because the Legislature has the power to define crimes and set punishment. See State v. Freeman, 153 Wash.2d 765, 771, 108 P.3d 753 (2005). Here, the Legislature has exercised its prerogative to define the term "prior offense" precisely as it intended: the specific events listed in RCW 46.61.5055(12)(a). This definition is unambiguous and permits no further judicial construction. Consequently, the omission of a definition for the word "prior" is of no moment, and we need not speculate about its meaning in another context.
¶ 15 Quezada and Amicus contend that when a defendant's deferred prosecution for a DUI is revoked following commission of a second DUI, our construction leads to the "absurd" result of both offenses being sentenced with enhanced penalties, in effect, as second offenses under RCW 46.61.5055. Quezada also maintains that such an approach violates the Legislature's intent to "promote proportionate punishment."
¶ 16 But our reading is fully consistent with the Legislature's DUI sentencing scheme, which directs the sentencing court to impose enhanced penalties for multiple offenses based on the defendant's complete criminal history at the time of sentencing. Such an approach also minimizes the ability of a party to circumvent the Legislature's intent by manipulating sentencing dates for multiple offenses based on the date of arrest. Quezada has not cited any relevant authority suggesting that a defendant who commits multiple DUI offenses has a vested interest in having one of the offenses punished as though the other did not exist. The unambiguous statutory definitions of "prior offense" and "within seven years" in RCW 46.61.5055 further the Legislature's goal of protecting the public "from the grave danger of repeated drunken driving." City of Bremerton v. Tucker, 126 Wash.App. 26, 34, 103 P.3d 1285 (2005).
¶ 17 We note that the Legislature is well aware of how to specify DUI mandatory penalties based on a strictly chronological sequence of events. Former RCW 46.61.5051, a predecessor to the current DUI sentencing provisions, specified certain mandatory minimum penalties based on prior convictions "committed within five years before commission of the current violation." See Laws of 1994, ch. 275, § 4. The Legislature later replaced this language with the current wording. We must presume that such material changes of wording in the reenactment of a statute reflect a change of legislative intent. See Dando v. King County, 75 Wash.2d 598, 601, 452 P.2d 955 (1969).
¶ 18 Quezada's reliance on State v. Whitaker, 112 Wash.2d 341, 771 P.2d 332 (1989), is misplaced. In Whitaker, our supreme court addressed the sentencing consequences, under the SRA, of the revocation of a pre-SRA deferred sentence. The court concluded that an intervening conviction, subsequent to the original pre-SRA offense, did not constitute a prior conviction for purposes of fixing a minimum term. Whitaker, 112 Wash.2d at 343, 771 P.2d 332. But the court expressly noted that its statutory analysis involved a unique and short-term problem arising from "the overlap of two sentencing systems." Whitaker, 112 Wash.2d at 344, 771 P.2d 332. Consequently, Whitaker provides no meaningful guidance for our analysis of RCW 46.61.5055.
¶ 19 In summary, the terms "prior offense" and "within seven years" as used in RCW 46.61.5055 are clear and unambiguous. The rule of lenity therefore does not apply. See State v. Jacobs, 154 Wash.2d 596, 600-01, 115 P.3d 281 (2005).
*133 ¶ 20 The City asserts that under the plain language of RCW 46.61.5055, a deferred prosecution also constitutes a prior offense for the DUI conviction entered when that deferred prosecution is revoked. The City maintains that Quezada's 2003 deferred prosecution was therefore a third prior offense for purposes of sentencing him on the conviction that resulted in 2005 from the deferred 2003 charge.
¶ 21 The Legislature has specified that DUI deferred prosecutions generally constitute prior offenses for purposes of RCW 46.61.5055, regardless of whether they are successfully completed. RCW 46.61.5055(12)(a)(vii); see City of Kent v. Jenkins, 99 Wash.App. 287, 992 P.2d 1045 (2000); see also City of Bremerton v. Tucker, 126 Wash.App. at 33, 103 P.3d 1285 (use of successfully completed deferred prosecution as prior offense does not violate due process). But in determining the number of prior offenses, the sentencing court must also ascertain whether "the arrest for a prior offense occurred within seven years of the arrest for the current offense." (emphasis added) RCW 46.61.5055(12)(b). The Legislature's definition of "within seven years" clearly contemplates separate and distinct arrest dates for the prior and current offenses. The City's construction requires the prior offense and the current offense to be the same act, rendering the calculation specified in RCW 46.61.5055(12)(b) meaningless. See State v. Stannard, 109 Wash.2d 29, 36, 742 P.2d 1244 (1987) (when ascertaining legislative intent, a court should avoid unlikely, absurd, or strained results).
¶ 22 Quezada's "current offense" is the 2005 DUI conviction resulting from the deferred prosecution of his 2002 arrest for DUI. When he came before the court for sentencing on this conviction, he had two prior offenses: the 2001 conviction for DUI and the 2005 conviction for reckless driving.
¶ 23 Because the superior court miscalculated the number of Quezada's prior offenses, we reverse and remand for further proceedings.
City of Seattle v. Winebrenner
¶ 24 Winebrenner, whose arguments mirror Quezada's, contends the superior court erred in determining that he had two prior offenses. He maintains that the sentencing court correctly found that he had no prior offenses for purposes of RCW 46.61.5055.
¶ 25 In 2005, when Winebrenner came before the court for sentencing, his criminal history consisted of the 2001 DUI deferred prosecution and the 2005 reckless driving conviction. The reckless driving conviction was a prior offense under RCW 46.61.5055(12)(a)(v). Because the arrest for the reckless driving conviction occurred within seven years of his DUI arrest, the sentencing court should have counted it as a prior offense. But the 2001 deferred prosecution was not a prior offense for the DUI conviction entered upon revocation; it was the current offense upon which he was being sentenced. Accordingly, Winebrenner had one prior offense for purposes of RCW 46.61.5055. The superior court decision must be reversed and the matter remanded for further proceedings.
¶ 26 Reversed and remanded.
WE CONCUR: AGID and GROSSE, JJ.
NOTES
[1] The RALJ court reversed the trial court's conversion of mandatory jail time into electronic home monitoring, a decision not at issue in this appeal.
[2] The Legislature amended RCW 46.61.5055 effective July 1, 2007. Those changes do not affect the provisions that we analyze here.
[3] RCW 46.61.5055(12)(a) defines a "prior offense" as any of the following:

(i) A conviction for a violation of RCW 46.61.502 or an equivalent local ordinance;
(ii) A conviction for a violation of RCW 46.61.504 or an equivalent local ordinance;
(iii) A conviction for a violation of RCW 46.61.520 committed while under the influence of intoxicating liquor or any drug;
(iv) A conviction for a violation of RCW 46.61.522 committed while under the influence of intoxicating liquor or any drug;
(v) A conviction for a violation of RCW 46.61.5249, 46.61.500, or 9A.36.050 or an equivalent local ordinance, if the conviction is the result of a charge that was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522;
(vi) An out-of-state conviction for a violation that would have been a violation of (a)(i), (ii), (iii), (iv), or (v) of this subsection if committed in this state;
(vii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.502, 46.61.504, or an equivalent local ordinance; or
(viii) A deferred prosecution under chapter 10.05 RCW granted in a prosecution for a violation of RCW 46.61.5249, or an equivalent local ordinance, if the charge under which the deferred prosecution was granted was originally filed as a violation of RCW 46.61.502 or 46.61.504, or an equivalent local ordinance, or of RCW 46.61.520 or 46.61.522.