428

[Nos. 27871-9-III; 27872-7-III.   Division Three.   February 4, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY JOHN HOOPER, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. TERRY LEE FELICE, *Appellant*.

*Bryan P. Whitaker*, for appellants.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey, Deputy*, for respondent.

¶1 Sweeney, J. — When determining whether to relieve a petitioner of his duty to register as a sex offender for a crime he committed as a juvenile, a court must consider the nature of a registerable offense and criminal and relevant noncriminal behavior and "may consider other factors." RCW 9A.44.140(4). The juvenile court in Spokane County requires that those petitioning to be relieved of their obligations to register as sex offenders take a polygraph test and undergo a psychological evaluation. And the court here denied petitions for relief from registration because the petitioners did not satisfy these requirements. We find no such requirement in the statutory scheme and therefore reverse the trial court's denial of the petitions and remand for further proceedings.

## FACTS

¶2 Terry Felice pleaded guilty to indecent liberties, a crime he committed when he was 12 years old. And a juvenile court found Jeffrey Hooper guilty of first degree

rape when he was 13 years old. Mr. Felice and Mr. Hooper had to register as sex offenders because of these convictions.

¶3 In 2008, they petitioned the court to relieve them of their duties to register as sex offenders. Both have completed a sex offender treatment program and the conditions of their probation. Mr. Felice has had no contacts with law enforcement for sex or kidnapping offenses since 1990. Mr. Hooper has had several contacts with law enforcement since 1993; one for failing to register as a sex offender. None were sex- or kidnapping-related offenses.

¶4 The trial court denied both petitions. The practice in Spokane County Juvenile Court is to require that a petitioner who was under 15 when he committed the sex offense produce updated polygraph test results and an updated psychological evaluation before the court will consider relieving a petitioner of his duty to register. Neither Mr. Hooper nor Mr. Felice complied with this requirement.

## DISCUSSION

¶5 Mr. Hooper and Mr. Felice contend that the court had no authority to impose the additional requirements of a polygraph test or psychological evaluation as conditions precedent to lifting the obligation to register. They argue that the requirements cost money, raise the burden of proof, and result in disparate treatment between offenders who were under 15 and offenders who were 15 and older.

■ ¶6 We generally review a trial court's decision to deny a petition for relief from the sex offender registration requirement for an abuse of discretion. *State v. Gossage*, 138 Wn. App. 298, 306, 156 P.3d 951 (2007), *rev'd in part on other grounds*, 165 Wn.2d 1, 195 P.3d 525 (2008). But here the question is whether the court had authority under the applicable statutory scheme to impose additional requirements as a condition of relieving an obligation to register as sex offenders. That is a question of law that we will review de novo. *State v. Mann*, 146 Wn. App. 349, 357, 189 P.3d 843 (2008).

¶7 The trial court denied the petitions here after concluding that RCW 9A.44.140(4) gives it authority to require petitioners to satisfy certain conditions before it will consider relieving duties to register:

*I am familiar with the instructions regarding petition to end sex offender registration which was promulgated by our court* and remain in effect today. Based on all the facts and circumstances it is clear that *the statute [(RCW 9A.44.140(4))] provides authority to the court to establish appropriate procedures.* Um, that's within our discretion I believe. And it's also equally clear that *neither applicant has* complied with those procedures outlined in the court's requirement in that they have not *completed or obtained a psychological evaluation (unintelligible) polygraph.*

. . . .

. . . I think we're all under the statute as passed for public safety and these requirements were passed with public safety [in mind]. I disagree with the petitioners in each one of these cases and *they're going to have to comply with it* and I will (unintelligible) registration.

Hooper Report of Proceedings (HRP) at 8-9 (emphasis added); Felice Report of Proceedings (FRP) at 8-9 (emphasis added).

¶8 RCW 9A.44.140(4) provides in relevant part:

An offender having a duty to register under RCW 9A.44.130 for a sex offense . . . committed when the offender was a juvenile may petition the superior court to be relieved of that duty. The court shall consider the nature of the registerable offense committed, and the criminal and relevant noncriminal behavior of the petitioner both before and after adjudication, and *may consider other factors.*

(Emphasis added.)

¶9 We interpret statutes de novo, and we give effect to the plain meaning of an unambiguous statute. *State v. Stratton,* 130 Wn. App. 760, 764, 124 P.3d 660 (2005). Here, the words of the statute *require* that a court consider the nature of a petitioner's underlying offense and his criminal

and relevant noncriminal behavior before and after adjudication when deciding whether to relieve a petitioner of his sex offender registration duty. The statute also *allows* the court to "consider other factors." RCW 9A.44.140(4). Consider means to "think about," as to take into account. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 483 (1993).

¶10 So RCW 9A.44.140(4) says a court can *think about* other things, like updated polygraph test results or psychological evaluations when deciding whether to grant or deny a petition. But it does not appear to us to authorize the court to *require* that a petitioner obtain and produce these "other factors." Nor does it empower a trial court to "establish appropriate procedures" for deciding whether to waive a sex offender's registration requirement. HRP at 8; FRP at 8.

¶11 Generally, the legislature has given the Washington Supreme Court the power to establish procedures. RCW 2.04.190; *accord State v. Templeton*, 148 Wn.2d 193, 212, 59 P.3d 632 (2002). And, indeed, a trial court has discretion to hold an evidentiary hearing when considering a petition for relief from registration. *Gossage*, 138 Wn. App. at 305. But what the court did here was more than simply hold a hearing. It also required a polygraph test and a psychological evaluation, which might be a good idea and, maybe, should be required. But we cannot read this statute as requiring those additional steps, and it is clear that the trial judge intended them as requirements or conditions precedent to relief of an obligation to register. They were more than just considerations. And neither the statutes nor relevant case law permits the trial court here to require that petitioners submit a particular type of evidence before it will consider their petitions. We conclude, then, that the trial court erred by denying the petitions here on the ground that Mr. Hooper and Mr. Felice failed to produce psychological evaluations and polygraph test results, and we reverse that decision and remand for further proceedings.

KULIK, C.J., and BROWN, J., concur.