
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2013 JUL 29 AM 11: 18

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                         )    DIVISION ONE
      Appellant, )
                         )    No. 68441-8-I
          v. )
                         )    UNPUBLISHED OPINION
JERRY NELSON, )
                         )
      Respondent. )    FILED: July 29, 2013
_____ )

DWYER, J. — The State appeals from a King County Superior Court order granting Jerry Nelson relief from the duty to register as a sex offender. Nelson's duty to register as a sex offender arose out of a 1998 conviction for rape of a child in the third degree. The State asserts that the trial court erred in relieving Nelson of this duty because, the State contends, Nelson did not meet the statutory prerequisites for receiving such relief. In particular, the State avers that Nelson had not completed the statutorily-required ten consecutive years in the community without being convicted of a disqualifying offense. Because Nelson was confined in 2000 and 2001 for failure to comply with conditions of his sentence and was convicted of a disqualifying offense seven years later, the State correctly asserts that Nelson did not complete ten consecutive years in the community without being convicted of a disqualifying offense and, therefore, did not satisfy the statutory prerequisites for receiving relief from the duty to register

as a sex offender. Thus, the superior court lacked discretion to grant Nelson

such relief. Its order doing so was therefore an abuse of discretion. Accordingly,

we reverse the trial court's order granting Nelson relief from the duty to register

as a sex offender.

I

On November 28, 1997, Jerry Nelson raped his 15-year-old neighbor as

she slept in his bed after she babysat his children. Nelson was charged with,

and pled guilty to, rape of a child in the third degree. On February 20, 1998, as a

result of that plea, Nelson was sentenced to 12 months and one day of

confinement with credit given for 82 days previously served. The date on which

Nelson was released from this confinement is unclear from the record. After

completing this term of confinement, Nelson was released subject to conditions

of community custody. Among the terms of Nelson's community custody were a

requirement that Nelson register as a sex offender as required in RCW

9A.44.130 and, apparently, a requirement that he undergo sexual deviancy

treatment.

On September 7, 2000, the King County Superior Court entered its first

order modifying Nelson's sentence and jail commitment. The order required

Nelson to spend 30 days in the King County jail for "failing to make reasonable

progress on treatment—discharged for failure to pay." Over a year later, on

November 6, 2001, the superior court entered another order modifying Nelson's

sentence and jail commitment. This second order required Nelson to return to

the King County jail for 60 days for "failure to complete sexual deviancy

treatment."

At some point between 2001 and 2008, Nelson left Washington and arrived in Illinois. On October 8, 2008, Nelson was convicted of violating Illinois' Sex Offender Registration Act, a felony.

In May 2011, the King County Superior Court received a letter and petition from Nelson seeking relief from the duty to register as a sex offender. The court informed Nelson that he must schedule a hearing before the court in order to be considered for such relief. Nelson introduced no evidence in connection with this petition. On February 7, 2012, Nelson and the State appeared in superior court. During that hearing, the State asserted that, because Nelson's 2008 Illinois conviction for violation of the Sex Offender Registry Act was for a felony, it constituted a disqualifying offense pursuant to RCW 9A.44.128(3).

The court analyzed whether Nelson had spent ten consecutive felony-free years in the community prior to his 2008 conviction. The court reviewed Nelson's criminal record, noting Nelson's 2001 confinement for violating the terms of his community custody. Finding no record, however, of the date of Nelson's release from custody after his initial confinement, the court attempted to calculate an approximate date:

> THE COURT: It's not – I'm all the way back to the judgment and sentence. There's nothing in the file that indicates a release date, but I think you calculated it. So 284 days and good-time is 30 percent, or more?
> [Prosecutor]: I think it's about a third.
> THE COURT: A third, yeah.
> [Prosecutor]: 30 percent to a third. 33.3 percent. And he had 82 days credit.

THE COURT: Right. 187 days would be required from February 20th. That would be 30 in March, 30 in April, 31 in May, 30 in June, 31 in July, 31 in August, 31 in September, 30 days in September. So we've got 8 days in February, 30 days in March, 30 days in April, 31 days in May, 30 days in June, 31 days in July, -- oh, you're done in August sometime. You got out sometime in August of '99. That sound good to you?

MR. NELSON: Yes, ma'am.

THE COURT: Okay. So 10 years after that would be August of 2009. We're still overlapping with that failure to register in Illinois.

Here's what I'm going to do. Mr. Nelson, you have been I think for all intents and purposes crime-free, not counting the registration offense and some misdemeanor offenses. I'm going to grant your request and give you relief from the duty to register in Washington.

If the State feels it's worth their effort to appeal, they might do that. Or, you know, somebody might call me on it. But the way I read the statute on disqualifying offenses, even though it's a felony offense, it's not a violent offense. And I know failure to register is classified as a sexual offense, but it's not against a person, it's against the State.[1]

The court entered an order granting Nelson relief from his duty to register as a sex offender.[2] Nelson thanked the court. The court replied, "You're welcome. I can't guarantee it's going to stick. If you had come in here with a sloppy record, I would have made you wait. But you've come in, you've been honest." The State objected to the court's order granting Nelson relief from the duty to register. The

---

[1] The court's calculation of Nelson's initial release date contains mathematical errors, which are discussed *infra* at n.8.

[2] In the order, the court made the following findings:
[Nelson] was required to register for a conviction in this state and:
- has spent 10 consecutive years in the community without being convicted of a disqualifying offense;
- is not otherwise prohibited by any provision in RCW 9A.44.142 from being relieved of his or her duty to register within the state of Washington;
- has proven by clear and convincing evidence that he or she is sufficiently rehabilitated to warrant removal from the central registry of sex offenders and kidnapping offenders.
Under "other findings regarding the petition," the court wrote, "Defendant meets the qualifications for the relief requested."

court replied, "It's a real close call. A different person would have gotten a different result."

The State filed a motion for discretionary review, which this court granted.[3]

II

The State contends that the superior court did not have discretionary authority pursuant to RCW 9A.44.140(3) or RCW 9A.44.142(1)(b) to grant Nelson relief from the duty to register as a sex offender. Both RCW 9A.44.140(3) and RCW 9A.44.142(1)(b) require that an offender spend ten consecutive years in the community without being convicted of a disqualifying offense before he or she becomes eligible for relief from the duty to register as a sex offender. A "disqualifying offense" is, in relevant part, "a conviction for: Any offense that is a felony." RCW 9A.44.128(3). Nelson's 2008 felony conviction for failure to register as a sex offender in Illinois was, therefore, a disqualifying offense. Because Nelson had not successfully completed ten consecutive felony-free years in the community before being convicted of this disqualifying offense, the State is correct in asserting that the superior court lacked discretionary authority to relieve Nelson of the duty to register as a sex offender.

We review a trial court's decision to grant an offender's petition for relief from the duty to register as a sex offender for an abuse of discretion. State v. Hooper, 154 Wn. App. 428, 430, 225 P.3d 446 (2010) (citing State v. Gossage, 138 Wn. App. 298, 306, 156 P.3d 951 (2007), rev'd in part on other grounds, 165 Wn.2d 1, 195 P.3d 525 (2008)). A court abuses its discretion where its decision

---

[3] Nelson did not file a brief in this court.

is "manifestly unreasonable or based upon untenable grounds or reasons." State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). "A ruling based on an error of law constitutes an abuse of discretion." King v. Olympic Pipeline Co., 104 Wn. App. 338, 355, 16 P.3d 45 (2000).

Nelson was convicted of rape of a child in the third degree, a class C felony sex offense. RCW 9A.44.079(2). Persons convicted of class C felony sex offenses must register as sex offenders with the sheriff of the county of which they are resident. RCW 9A.44.130. However, this registration requirement is not intended to be a "lifelong 'badge of infamy.'" State v. Ward, 123 Wn.2d 488, 509, 869 P.2d 1062 (1994).

Instead, two provisions, RCW 9A.44.140(3)[4] and RCW 9A.44.142(1)(b),[5] provide pathways to relief from the registration requirement. RCW 9A.44.140(3) provides that individuals convicted of class C felony offenses are automatically relieved of the duty to register as sex offenders when they have spent "ten

---

[4] RCW 9A.44.140(3) provides in full:
> (3) For a person convicted in this state of a class C felony, a violation of RCW 9.68A.090 or 9A.44.096, or an attempt, solicitation, or conspiracy to commit a class C felony, and the person does not have one or more prior convictions for a sex offense or kidnapping offense and the person's current offense is not listed in RCW 9A.44.142(5), the duty to register shall end ten years after the last date of release from confinement, if any, (including full-time residential treatment) pursuant to the conviction, or entry of the judgment and sentence, if the person has spent ten consecutive years in the community without being convicted of a disqualifying offense during that time period.

[5] RCW 9A.44.142(1)(b) provides, in full:
> (1) A person who is required to register under RCW 9A.44.130 may petition the superior court to be relieved of the duty to register:
>
> . . .
>
> (b) If the person is required to register for a conviction in this state and is not prohibited from petitioning for relief from registration under subsection (2) of this section, when the person has spent ten consecutive years in the community without being convicted of a disqualifying offense during that time period.

-6-

consecutive years [after the last date of release from confinement pursuant to the conviction] in the community without being convicted of a disqualifying offense." In addition to this automatic relief, RCW 9A.44.142(1)(b) provides that sex offenders may petition a superior court for relief from the duty to register if, among other conditions, they have "spent ten consecutive years in the community without being convicted of a disqualifying offense during that time period." Both provisions thus require that an individual convicted of a class C felony sex offense spend ten consecutive years in the community without being convicted of a disqualifying offense before becoming eligible for relief from the registration requirement, regardless of whether that relief is statutorily automatic or discretionarily granted by a superior court. [6]

A disqualifying offense is, in relevant part, "a conviction for: Any offense that is a felony." RCW 9A.44.128(3). Nelson's 2008 conviction for violation of Illinois' Sex Offender Registration Act was a felony, and, thus, a disqualifying offense pursuant to RCW 9A.44.128(3). [7]

---

[6] Because both RCW 9A.44.140(3) and RCW 9A.44.142(1)(b) require individuals convicted of class C felony sex offenses to spend ten consecutive years in the community without committing a disqualifying offense before becoming eligible for relief from the duty to register, RCW 9A.44.142(1)(b) may not appear to grant those individuals an additional pathway to relief. However, RCW 9A.44.142(1)(b) provides an opportunity for a sex offender to bring before the superior court the question of whether the offender should be relieved of sex offender registration requirements. In a situation where, for example, the county sheriff refused to act pursuant to RCW 9A.44.140(3), this provision could be meaningful to a class C felon.

[7] Illinois law requires that a "sexual predator" must register. 730 Ill. Comp. Stat. 150/3(a) (2013). A "sexual predator" is, in relevant part, "a person required to register in another State due to a conviction . . . triggering an obligation to register as a sex offender . . . under the laws of that State." 730 Ill. Comp. Stat. 150/2(E-10) (2013). Because Nelson was required to register in Washington as a sex offender, he was a "sexual predator" under Illinois law and was, therefore, statutorily required to register as such in Illinois. Illinois' Sex Offender Registration Act provides, in relevant part, that, "[a]ny person who is required to register under this Article who violates any

Because Nelson's 2008 conviction was a disqualifying offense, and because less than four years had passed since that conviction prior to the superior court's ruling, the superior court could only properly relieve Nelson of the duty to register as a sex offender if Nelson had spent ten consecutive crime-free years in the community *prior* to the 2008 conviction. As the petitioning party, Nelson bore the burden of demonstrating that he was eligible for the relief sought. However, Nelson provided no evidence tending to show that he had completed ten consecutive years in the community, without committing a felony, prior to the 2008 conviction. The existing record also does not indicate that Nelson satisfied this requirement.

In order to determine whether Nelson had been felony-free in the community for ten consecutive years, it is necessary to identify the date from which this period should be calculated. RCW 9A.44.142(1)(b) does not explicitly define the date upon which this period commences. At the February 2012 proceeding, the court appeared to assume that the required period should be calculated from the date on which Nelson was released from his initial confinement.[8] However, it is unlikely that the legislature intended that the period

---

of the provisions of this Article . . . is guilty of a Class 3 felony." 730 Ill. Comp. Stat. 150/10(a) (2008). Nelson's Illinois conviction for failure to register as a sex offender was therefore a felony.

[8] The superior court attempted to calculate the date Nelson was released from his initial confinement before determining that, although Nelson had not spent ten consecutive years in the community without being convicted of a disqualifying offense, he should be granted relief from the registration requirement due to the nature of his felony. In making its final calculation, the court made a mathematical error. First, the court assumed that Nelson's sentence had been reduced by 30-33 percent for good behavior. The court then calculated that Nelson would have been incarcerated for 187 days after his February 20, 1998 sentencing date. Thus, the court concluded, Nelson "got out sometime in August of '99." In fact, 187 days after February 20, 1998

- 8 -

of consecutive felony-free years should be calculated from the *first* date of release from confinement pursuant to an offender's conviction in cases where that offender was subsequently confined for failing to comply with terms of his or her sentence. Instead, it is likely that the legislature intended that the period of consecutive years be calculated from the *last* date of release from confinement pursuant to a conviction.

When interpreting a statutory provision, we seek to ascertain and implement the legislative intent underlying the statute. State v. Taylor, 162 Wn. App. 791, 797, 259 P.3d 289 (2011). A statute's plain meaning is the "surest indication of the legislature's intent." Five Corners Family Farmers v. State, 173 Wn.2d 296, 305, 268 P.3d 892 (2011). We derive a statute's meaning "from the actual statutory language, and language not defined in the statute is given its ordinary meaning." State v. Votava, 149 Wn.2d 178, 183, 66 P.3d 1050 (2003). When determining the plain meaning of a provision, we consider not only the language of the specific provision at issue, but also "the entire statute in which the provision is found, as well as related statutes or other provisions in the same act that disclose legislative intent." Taylor, 162 Wn. App. at 797.

---

was August 26, 1998. August 26, 1998, was more than ten years prior to October 8, 2008, the date on which Nelson was convicted of the disqualifying offense.

Nelson, however, produced no evidence demonstrating that he had, in fact, received time off for good behavior. Nor did he provide evidence that he had, in fact, been released before October 8, 1998. Moreover, as discussed *infra*, the ten-year period should have been calculated from Nelson's *last* date of release from confinement pursuant to his rape conviction. Hence, even if Nelson had provided evidence demonstrating that he was released prior to October 8, 1998, his 2000 and 2001 confinements reset the start date from which the court could calculate the number of years in the community he had successfully lived felony-free.

Although RCW 9A.44.142(1)(b) is silent on the question of the date from which the period of consecutive felony-free years should be calculated, a closely-related provision, RCW 9A.44.140(3), provides an explicit start date. That provision states that, for individuals convicted of class C felonies, the duty to register "shall end ten years *after the last date of release from confinement . . . pursuant to the conviction . . .* if the person has spent ten consecutive years in the community without being convicted of a disqualifying offense during that time period." RCW 9A.44.140(3) (emphasis added).

RCW 9A.44.140(3) and RCW 9A.44.142(1)(b) both address when an offender may be relieved of the duty to register. Both provisions use identical language to establish that an individual convicted of a class C felony may be relieved of the duty to register when "the person has spent ten consecutive years in the community without being convicted of a disqualifying offense during that time period." RCW 9A.44.140(3); RCW 9A.44.142(1)(b). Where two provisions address the same subject—relief from a duty—while employing identical language that establishes a period as a prerequisite to that relief, it is logical to assume that the statutes also employ identical start and end dates for that period. We therefore will calculate the number of consecutive years in the community Nelson had completed from the "last date of release from confinement . . . pursuant to the conviction." RCW 9A.44.140(3).

The plain language of RCW 9A.44.142(1)(b) further supports calculating the required period from the last date of release pursuant to the conviction. RCW 9A.44.142(1)(b) requires, among other conditions, that the offender have spent

"ten consecutive years in the community without being convicted of a disqualifying offense during that time period." In particular, two terms— "consecutive" and "in the community"—indicate that the start date of the period should be calculated, at the earliest, from the last date the offender was confined pursuant to the conviction that created the duty to register.[9]

"Consecutive" means "having no interval or break." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 482 (2002). "In the community" is statutorily defined as "residing outside of confinement or incarceration for a disqualifying offense." RCW 9A.44.128(6). A "disqualifying offense" is, in relevant part "a crime against children . . . as defined in RCW . . . 9.94A.411(2)(a)." RCW 9A.44.128(3). Among the crimes against children listed in RCW 9.9A.411(2)(a) is rape of a child in the third degree, the crime for which Nelson was originally convicted.

Confinement pursuant to a community custody violation is confinement pursuant to the offense for which community custody was issued. State v. Watson, 160 Wn.2d 1, 8, 154 P.3d 909 (2007). "Incarceration for probation violations 'relates back to the original conviction for which probation was granted.'" Watson, 160 Wn.2d at 8 (quoting State v. Eilts, 94 Wn.2d 489, 494 n.3, 617 P.2d 993 (1980)) (citing State v. King, 130 Wn.2d 517, 522, 925 P.2d 606 (1996); State v. Whitaker, 112 Wn.2d 341, 342, 771 P.2d 332 (1989)). Such confinement "is not the result of merely the probation violation, but rather 'should

---

[9] Later confinements for other disqualifying offenses may also, of course, disrupt the "consecutive" nature of an offender's time "in the community."

be deemed punishment for the original crime.'" Watson, 160 Wn.2d at 8-9 (quoting State v. Prado, 86 Wn. App 573, 578, 937 P.2d 636 (1997)).

Nelson's 2001 release from confinement was therefore the "last date of release from confinement . . . pursuant to the conviction." RCW 9A.44(140(3). Nelson was therefore not "in the community" when he was residing in confinement pursuant to violations of his sentence for rape of a child in the third degree. Instead, Nelson's 2000 and 2001 confinements constituted "interval[s] or break[s]" in Nelson's time "in the community." These confinements thus disrupted the "consecutive" nature of that time. Therefore, Nelson spent approximately two "consecutive years in the community" between his initial release and his 2000 confinement; approximately thirteen months "in the community" between being released from his 2000 confinement and being confined again in 2001; and approximately seven years "in the community" before being convicted in Illinois in 2008 of violating that state's Sex Offender Registration Act. He did not complete the statutorily-required ten consecutive years in the community before being convicted of a disqualifying offense in 2008. Nor had he subsequently completed ten consecutive felony-free years in the community before the superior court entered its order. Thus, he was not eligible for relief from his duty to register as a sex offender.

Although the court calculated the required period from an incorrect start date, the court correctly concluded that Nelson's time in the community "overlap[ped] with that failure to register in Illinois." Nevertheless, the court relieved Nelson of the duty to register as a sex offender:

> THE COURT: Here's what I'm going to do. Mr. Nelson, you have been I think for all intents and purposes crime-free, not counting the registration offense and some misdemeanor offenses. I'm going to grant your request and give you relief from the duty to register in Washington.
> If the State feels it's worth their effort to appeal, they might do that. Or, you know, somebody might call me on it. But the way I read the statute on disqualifying offense, even though it's a felony offense, it's not a violent offense. And I know failure to register is classified as a sexual offense, but it's not against a person, it's against the State.

RCW 9A.44.128(3) does not provide that a "disqualifying offense" is a conviction for any violent felony against a person. To the contrary, a disqualifying offense is, in relevant part, "*[a]ny* offense that is a felony." RCW 9A.44.128(3) (emphasis added). "Any" means "one, no matter what one . . . not none." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 97 (2002). It is immaterial against whom—the State, a person, or property—the felony is committed. The manner in which the felony is committed—whether violent or nonviolent—is similarly immaterial under the plain language of RCW 9A.44.128(3). The superior court's belief that the object or nature of Nelson's felony was somehow relevant is vitiated by the plain language of the statute.

The superior court indicated that it was not requiring Nelson to complete ten consecutive felony-free years in the community because Nelson did not have a "sloppy record" and because he had been "honest." These reasons are insufficient pursuant to RCW 9A.44.142(1)(b), which requires that sex offenders must complete ten consecutive years in the community without being convicted of a disqualifying offense before they may petition the superior court for relief from the duty to register as a sex offender. Absent satisfaction of these statutory prerequisites, a superior court does not have discretion to relieve a sex offender

of the duty to register. Nelson's 2000 and 2001 confinements for failing to comply with the terms of his sentence disrupted the consecutive nature of the time Nelson had spent in the community and represented "confinement[s] . . . pursuant to the conviction." RCW 9A.44.140(3). These confinements therefore reset the number of consecutive felony-free years in the community Nelson had completed. Therefore, at the time the court entered its order, Nelson had never completed ten consecutive felony-free years in the community.

Accordingly, the superior court lacked discretionary authority to grant Nelson relief from his duty to register as a sex offender. Because the court lacked such discretion, its order granting Nelson relief from the duty to register as a sex offender was based on untenable grounds. Thus, the superior court erred in entering its order relieving Nelson of the duty to register as a sex offender.

Reversed and remanded.

We concur:

- 14 -