# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MERRILL BRICK,<br><br>     Appellant,<br><br>   v.<br><br>KING COUNTY PROSECUTING<br>ATTORNEY,<br><br>     Respondent. | No. 87254-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Merrill Brick appeals the trial court's order denying his petition for an order relieving him of the duty to register as a sex offender under RCW 9A.44.142. Because Brick fails to establish a basis for appellate relief, we affirm.

I

In 2003, Brick entered a plea of *nolo contendere* to two counts of Lewd or Lascivious Molestation.[1] The facts underlying the charges arose from an allegation that Brick molested an eight-year-old girl who was one of his tennis students at the time. Because the conduct at issue occurred in Florida, where Brick then resided, it was governed by Florida law. The comparable Washington

---

[1] Also known as an *Alford* plea, a plea of nolo contendere allows an accused, in effect, to plead guilty while continuing to maintain their innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

statute is Child Molestation in the First Degree, a Class A Felony Sex Offense, under RCW 9A.44.083.

After entering the plea, Brick served a prison sentence and completed a sex offender treatment program. Brick eventually moved to Washington in 2021. In 2024, Brick filed a petition in the trial court below for an order relieving him of the duty to register as a sex offender under RCW 9A.44.142, which provides relief from the registration requirement where certain conditions are satisfied (as discussed in detail below). The State opposed the petition, and the trial court denied it. This appeal followed.

II

Brick argues the trial court abused its discretion in multiple respects when it denied his petition. We disagree.

We review a trial court's order granting or denying a petition for relief from sex offender registration for abuse of discretion, which occurs when a trial court's order is manifestly unreasonable or based on untenable grounds. *State v. Hooper*, 154 Wn. App. 428, 430, 225 P.3d 446 (2010); *Gilmore v. Jefferson County Pub. Transp. Benefit Area*, 190 Wn.2d 483, 494, 415 P.3d 212 (2018). An order is manifestly unreasonable or based on untenable grounds if it is unsupported by the record or results from the trial court's application of the wrong legal standard. *Id.*

Brick's arguments require us to interpret RCW 9A.44.142. "The purpose of statutory interpretation is 'to determine and give effect to the intent of the legislature.'" *State v. Dennis*, 191 Wn.2d 169, 172, 421 P.3d 944 (2018) (quoting *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013) (internal quotation

marks omitted). "We derive the legislative intent of a statute solely from the plain language by considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *Dennis*, 191 Wn.2d at 172-73. We must give meaning to every word in a statute. *Smith v. Dep't of Labor & Indus.*, 22 Wn. App. 2d 500, 506, 512 P.3d 566 (2022). "If the plain language is subject to only one interpretation, our inquiry is at an end," *In re Det. of Martin*, 163 Wn.2d 501, 508, 182 P.3d 951 (2008), because "[p]lain language does not require construction." *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003) (quoting *State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994)).

Where, as here, a person is required to register as a sex offender under RCW 9A.44.130, that person may petition the court to be relieved of the duty to register. RCW 9A.44.142(1). Under RCW 9A.44.142(4), "The court may relieve a petitioner of the duty to register only if the petitioner shows by clear and convincing evidence that the petitioner is sufficiently rehabilitated to warrant removal from the central registry of sex offenders and kidnapping offenders." The statute then guides the trial court's analysis in making this determination as follows:

> In determining whether the petitioner is sufficiently rehabilitated to warrant removal from the registry, the following factors are provided as guidance to assist the court in making its determination:
>
> (i) The nature of the registrable offense committed including the number of victims and the length of the offense history;
> (ii) Any subsequent criminal history;
> (iii) The petitioner's compliance with supervision requirements;
> (iv) The length of time since the charged incident(s) occurred;
> (v) Any input from community corrections officers, law enforcement, or treatment providers;
> (vi) Participation in sex offender treatment;

(vii)     Participation in other treatment and rehabilitative programs;
(viii)    The offender's stability in employment and housing;
(ix)      The offender's community and personal support system;
(x)       Any risk assessments or evaluations prepared by a qualified professional;
(xi)      Any updated polygraph examination;
(xii)     Any input of the victim;
(xiii)    Any other factors the court may consider relevant.

RCW 9A.44.142(4)(a)(b)(i)-(xiii).  Thus, in addition to providing 12 enumerated "factors" as "guidance to assist the court in making its determination," the statute expressly permits courts to consider "[a]ny other factors the court may consider relevant."  RCW 9A.44.142(4)(b)(xiii).

*View Ridge Estates Homeowners Association v. Guetter*, 30 Wn. App. 2d 612, 546 P.3d 463 (2024), is instructive regarding a trial court's discretion in performing such a multi-factor analysis.  The court in *View Ridge* addressed a seven-factor test for balancing the equities between the parties when determining whether to grant or deny injunctive relief.  *Id.* at 642-44.  In describing the evidentiary significance of the various factors, we noted that while the term "factors" is often used to describe "the considerations a court should ponder when evaluating the circumstances," factors are "not akin to elements."  *Id.* at 645 n.19.  Instead, the factors were essentially "things to think about" when a trial court determines the appropriate relief, not mandatory elements constraining the court's analysis.  *Id.*

Here, the trial court below properly exercised its discretion by considering and weighing the statutory factors and relevant evidence (the "things to think about").  In its oral ruling, which the court incorporated by reference in its written ruling, the court discussed each of the enumerated factors provided in the statute

and concluded that various factors "weighed" either "against" Brick, were "neutral," or were "favorable" to Brick. For example, in weighing the victim's input (factor 12) and determining that it "weighs against the petition," the court relied on a letter Brick's victim submitted in which she described the sexual abuse she endured as an eight-year-old child and the lasting impact that abuse continues to have on her life today. Regarding the nature of the registrable offense (factor 1), the court determined Brick's repeated molestation of an eight-year-old child was serious and weighed against the petition. And in its consideration of Brick's sex offender treatment assessments (factors 6 and 7), the court referenced Brick's minimization tactics and victim-blaming, which weighed "significantly against the petition."

The court's analysis properly tracks the statutory framework, and Brick concedes the trial court has "broad discretion to assign facts different weights." Nevertheless, Brick argues the trial court abused its discretion in several discrete respects. One such instance where the court did so, Brick avers, is the trial court's statement that Brick's "polygraph examination is really of no moment to me." This statement relates to factor 11, which examines any updated polygraph examination. RCW 9A.44.142(4)(b)(xi). Brick misreads the court's statement. Immediately following this statement, the court explains, "I would say that's neutral at best and certainly the victim's input weighs against the petition." This statement shows that the court considered the factor of the polygraph examination and weighed that evidence in concluding it was neutral in its determination. Brick's argument that the trial court somehow disregarded and dismissed this factor thus fails.

Brick also argues the trial court refused to weigh positive factors in his favor, such as his lack of any subsequent criminal history (factor 2) and stability and support in the community (factors 8 and 9). But in determining that these factors were "neutral," the court was exercising its discretion to weigh the factors, and it was in the best position to consider what weight to assign to which factors. Moreover, the trial court identified other factors that weighed in Brick's favor: it concluded the risk assessment factor (factor 10) was "favorable for the Petitioner" and the length of time factor (factor 4) was "neutral to at least somewhat favorable." This careful consideration and balancing of statutory factors ("things to think about") is precisely what RCW 9A.44.142(4)(b) contemplates.

Next, Brick argues the trial court abused its discretion by relying on his refusal to acknowledge guilt for the underlying offense, which he argues is not explicitly mentioned in RCW 9A.44.142. This argument misreads the statute. Critical here, RCW 9A.44.142(4)(b) includes a catch-all provision, which unambiguously permits the court to consider "[a]ny other factors the court may consider relevant." RCW 9A.44.142(4)(b)(xiii). This "catch-all" provision must be given meaning and cannot be read out of the statute. *See Smith*, 22 Wn. App. 2d at 506. Accordingly, even though acknowledging guilt for the underlying offense is not expressly listed as one of the enumerated factors under the statute, the "catch-all" provision plainly provides the court the discretion to consider it. The trial court did so here, noting that Brick continued to assert that the abuse at issue "may or may not have happened 22 years ago."

Notwithstanding the plain meaning of the catch-all provision, Brick argues the legislature's omission of acknowledgement of guilt as a specific consideration in the statute and inclusion of it in other statutes, such as RCW 9.94A.670(2)(a) and RCW 10.05.020(3),[2] is "powerful evidence that it should not be the overriding factor guiding the court's consideration. . . ." Additionally, Brick argues the rule of ejusdem generis should apply. Both of these arguments are premised on principles of statutory interpretation.[3] Because RCW 9A.44.142 is clear and expressly permits the trial court to consider "[a]ny other factors the court may consider relevant," we need not reach the principles of statutory interpretation Brick argues are controlling here. *See In re Martin*, 163 Wn.2d at 508 ("If the plain language is subject to only one interpretation, our inquiry is at an end."). Brick's statutory interpretation arguments thus fail.

In arguing the trial court abused its discretion, Brick relies on *State v. Hawkins*, 200 Wn.2d 477, 519 P.3d 182 (2022). That reliance is misplaced. In *Hawkins*, the trial court refused to vacate Hawkins' convictions under RCW 9.94A.640 because of the seriousness of the underlying offense. *Id.* at 485. Our

---

[2] RCW 9.94A.670(2)(a) provides in relevant part: "If the conviction results from a guilty plea, the offender must, as part of his or her plea of guilty, voluntarily and affirmatively admit he or she committed all of the elements of the crime to which the offender is pleading guilty. This alternative is not available to offenders who plead guilty to the offense charged under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and *State v. Newton*, 87 Wash.2d 363, 552 P.2d 682 (1976)." RCW 10.05.020(3), in turn, states in relevant part: "the court will not accept a petition for deferred prosecution from a person who . . . [s]incerely believes that he or she is innocent of the charges."

[3] *See, e.g.*, *City of Seattle v. Dep't of Labor & Indus.*, 136 Wn.2d 693, 701, 965 P.2d 619 (1998) ("[T]he rule of ejusdem generis is merely a rule of construction and is only applicable where legislative intent or language expressing that intent is unclear.") (internal quotation marks omitted); *Glacier Nw, Inc. v. Dep't of Labor & Indus.*, 32 Wn. App. 2d 189, 201, 555 P.3d 896 (2024) (the maxim of "expressio unius est exclusio alterius," meaning to express one thing in a statute implies the exclusion of the other, is subordinate to legislative intent and not necessary when a statute's plain language reveals legislative intent).

Supreme Court reversed, holding the trial court abused its discretion by focusing on the unchangeable facts of the underlying offense and by treating the conviction as so serious that it barred relief. *Id.* at 498. Because RCW 9.94A.640 treated the underlying qualifying conviction as a prerequisite to vacatur, not a bar, the trial court abused its discretion in considering solely the seriousness of the conviction. *Id.* at 494, 498. The trial court also abused its discretion in not meaningfully considering Hawkins' extensive, uncontroverted evidence of rehabilitation and mitigation, as shown by its failure to even mention relevant and uncontradicted evidence in its order. *Id.* at 498-500.

Here, in contrast, RCW 9A.44.142(4)(b)(i) explicitly permits the trial court to consider the nature of the underlying offense in determining whether the petitioner has shown sufficient evidence of rehabilitation. Also unlike the trial court in *Hawkins*, the trial court below did not fail to consider relevant evidence; it instead weighed that evidence differently than Brick's proffered analysis. And lastly, the trial court here did not rely solely on the nature and seriousness of the underlying offense in denying Brick's petition. To the contrary, the court stated that while the offense is "serious," "it's not the only factor the Court considers." Accordingly, *Hawkins* is inapposite.

Lastly, Brick argues nothing in RCW 9A.44.142 "prohibits an individual who has entered a plea without accepting responsibility for the underlying offense from applying for relief from registration." While we recognize that Brick exercised his constitutional right to enter a plea of *nolo contendere*, that decision does not alter the statutory framework under RCW 9A.44.142, which allows the trial court to

consider and weigh numerous factors in determining whether a petitioner is sufficiently rehabilitated to warrant removal from the registration requirement. The trial court did that here when it considered and weighed Brick's refusal to acknowledge guilt as one relevant consideration—among many—in deciding whether to grant the requested relief. On this record, the trial court did not abuse its discretion in concluding Brick had not shown, by clear and convincing evidence, he was sufficiently rehabilitated to warrant an order relieving him of the duty to register as a sex offender under RCW 9A.44.142.

Affirmed.

_Feldman, J._

WE CONCUR:

_Díaz, J._