[No. 44972-2-II.   Division Two.   February 18, 2015.]

THE STATE OF WASHINGTON, *Respondent*, v. AGYEI JUMAANE McDANIEL, *Appellant*.

*Catherine E. Glinski* (of *Glinski Law Firm PLLC*), for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Thomas C. Roberts, Deputy*, for respondent.

¶1 WORSWICK, J. — Agyei McDaniel appeals his convictions for second degree murder and second degree unlawful possession of a firearm. He argues, among other things, that the felony murder statute is ambiguous regarding whether assault is a predicate offense and therefore the rule of lenity requires his conviction be reversed. In the published portion of this opinion, we hold that the felony murder statute is not ambiguous and it clearly includes a deadly assault as a predicate offense. In the unpublished portion of the opinion, we disagree with McDaniel's remaining assignments of error. Accordingly, we affirm.

## FACTS

¶2 McDaniel shot and killed Patrick Nicholas. Testimony at trial showed that the two men were close friends.

¶3 McDaniel rented a large storage unit in Tacoma, and Nicholas's family kept some belongings in it in exchange for a small portion of the monthly fee. Being late in payments, McDaniel was required to vacate the unit on December 4, 2012.

¶4 On the afternoon of December 4, McDaniel; McDaniel's wife, Angela;[1] Nicholas; and Nicholas's wife, Korrin Tennyson, went to the storage unit. At the storage unit, McDaniel and Nicholas argued with each other. McDaniel felt nervous during the argument because Nicholas seemed extremely angry and was atypically keeping his hands in his pockets as he talked. McDaniel knew that Nicholas often carried a gun, and McDaniel thought Nicholas might be pointing a gun at McDaniel through Nicholas's pocket. McDaniel also thought Nicholas might be under the influence of PCP[2]-dipped cigarettes, which McDaniel knew Nicholas sometimes used.

¶5 Nicholas began to advance on McDaniel, saying "What you gonna do?" 6 Verbatim Report of Proceedings at 690-91. McDaniel saw that Nicholas had one hand fully in one pocket and the other hand halfway in another pocket. McDaniel could see something in Nicholas's hand. Nicholas continued to advance on McDaniel, who thought Nicholas was either going to pistol-whip or shoot him. McDaniel then drew a gun and shot Nicholas twice.

¶6 McDaniel and Angela left the storage facility, returned home, packed some bags, and drove north. They

---

[1] We refer to Angela McDaniel by her first name for clarity. No disrespect is intended.

[2] PCP, or phencyclidine, is a recreational street drug. *State v. Baity*, 140 Wn.2d 1, 5, 991 P.2d 1151 (2000).

stayed in a motel in Arlington overnight but returned to Tacoma the following day, where McDaniel surrendered to authorities.

¶7 Nicholas died at a hospital the day after the shooting. The medical examiner determined the cause of death to be a penetrating gunshot wound to the head around the front of Nicholas's scalp. Nicholas also suffered a nonfatal gunshot wound to his shoulder.

¶8 The State charged McDaniel in an amended information with one count of second degree murder with intent to cause Nicholas's death[3] and, in the alternative, second degree felony murder while committing or attempting to commit second degree assault.[4] The State also charged him with second degree unlawful possession of a firearm.[5]

¶9 The jury found McDaniel guilty of second degree felony murder with assault as the predicate felony and unlawful possession of a firearm. By a special interrogatory, the jury found that McDaniel did not intentionally kill Nicholas but rather found him guilty of felony murder in the course of and in furtherance of assault.

## ANALYSIS

¶10 McDaniel argues that because the felony murder statute is ambiguous with regard to whether an assault causing death is a predicate offense, the rule of lenity applies and requires his conviction be reversed. We disagree with McDaniel that the felony murder statute is ambiguous. Its plain language clearly includes assault as a predicate offense.

---

[3] RCW 9A.32.050(1)(a).

[4] RCW 9A.32.050(1)(b).

[5] RCW 9.41.040(2)(a). This provision was amended in 2014, but the amendments do not affect our analysis.

## I. STANDARD OF REVIEW

¶11 We review interpretation of a statute de novo. *State v. Bunker*, 169 Wn.2d 571, 577-78, 238 P.3d 487 (2010). We endeavor to effectuate the legislature's intent. 169 Wn.2d at 577-78. First, we look to the plain language of the statute: if it is unambiguous, then the plain meaning governs. *State v. Bostrom*, 127 Wn.2d 580, 586-87, 902 P.2d 157 (1995). If the statute is ambiguous, we apply traditional statutory interpretation rules to determine its meaning. *State v. Evans*, 177 Wn.2d 186, 192-94, 298 P.3d 724 (2013). The rule of lenity applies only if the plain language of the statute is ambiguous and traditional statutory interpretation rules do not help clarify it. *Evans*, 177 Wn.2d at 192-94.

## II. STATUTE UNAMBIGUOUSLY INCLUDES ASSAULT AS PREDICATE OFFENSE

¶12 McDaniel argues that the felony murder statute is ambiguous with regard to whether assault is a predicate offense when the assault is the same act resulting in the death. He argues that the statute could be read to apply only to those assaults separate from the act resulting in death. We disagree.

¶13 Division One of this court has rejected an argument identical to McDaniel's. *State v. Gordon*, 153 Wn. App. 516, 527-29, 223 P.3d 519 (2009), *rev'd on other grounds*, 172 Wn.2d 671, 260 P.3d 884 (2011). The *Gordon* court concluded that RCW 9A.32.050(1)(b) was not ambiguous. 153 Wn. App. at 529. We follow the holding of *Gordon*. The statute is not ambiguous, and a plain language reading of the statute defeats McDaniel's argument.

¶14 RCW 9A.32.050(1)(b) provides that a person commits felony murder if he or she "commits or attempts to commit any felony, *including assault* . . . and, in the course of and in furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the

death of a person other than one of the participants."
(Emphasis added.) This statute unambiguously singles out
assault as a predicate offense.

¶15 McDaniel urges this court to hold that the "in the
course of and in furtherance of" language demonstrates
that the legislature intended *only* separate, nonfatal as-
saults to be predicate offenses. Br. of Appellant at 17. But
this is an illogical reading of the statute: it ignores the fact
that a death cannot occur "in furtherance of" a separate
assault that does not cause the death. Were McDaniel
correct, the phrase "including assault" would encompass
only assaults that were nondeadly by themselves, but
nonetheless caused deaths to occur in furtherance of these
assaults. McDaniel provides no examples of a factual sce-
nario that would fit this reading. We avoid construing
statutes in a way that produces an absurd result, because
we presume that the legislature does not intend absurd
results. *State v. Engel*, 166 Wn.2d 572, 579, 210 P.3d 1007
(2009). We therefore presume the legislature did not intend
to include only assaults that do not cause a death, but
where a death results in furtherance of assaults as well.

¶16 Moreover, McDaniel's reading ignores the fact
that the legislature explicitly *added* the words "including
assault" to the statute after our Supreme Court held that
assault was not a predicate offense. *In re Pers. Restraint of
Andress*, 147 Wn.2d 602, 610, 56 P.3d 981 (2002). In adding
this phrase the legislature found

> that the 1975 legislature clearly and unambiguously stated
> that any felony, including assault, can be a predicate offense for
> felony murder. . . . The legislature does not agree with or accept
> the court's findings of legislative intent in [*In re Pers. Restraint
> of*] *Andress* . . . and reasserts that assault has always been and
> still remains a predicate offense for felony murder in the
> second degree.

Laws of 2003, ch. 3, § 1; *In re Pers. Restraint of Bowman*, 162
Wn.2d 325, 335, 172 P.3d 681 (2007) ("[F]ollowing our
decision in *Andress*, the legislature amended the second

degree felony murder statute, effective February 12, 2003, to clarify that assault *is* included as a predicate crime under the second degree felony murder statute."); *Gordon*, 153 Wn. App. at 527-29. We do not delete language from an unambiguous statute. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). We must therefore give effect to the plain language "including assault."

¶17 Because the statute is unambiguous under traditional rules of statutory interpretation, we do not apply the rule of lenity. *City of Seattle v. Winebrenner*, 167 Wn.2d 451, 462, 219 P.3d 686 (2009). Therefore, we affirm McDaniel's conviction.

¶18 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J., and MELNICK, J., concur.

Review denied at 183 Wn.2d 1011 (2015).