IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 81053-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MATTHEW T. BOLDT, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Matthew T. Boldt appeals his conviction for second degree rape by a health care provider under RCW 9A.44.050(1)(d). He argues the definition of "treatment" in that statute is unconstitutionally vague. Alternatively, he argues the statute is ambiguous and the rule of lenity applies. Because the statute as applied to Boldt is not unconstitutionally vague and it is not ambiguous, we affirm.

FACTS

Boldt worked as a licensed massage therapist at Hand and Stone Massage and Facial Spa in Kent. D.Y., a member of Hand and Stone Massage for two years, scheduled an 80-minute massage with Boldt on July 27, 2017. During the massage, Boldt sexually assaulted D.Y.

The State charged Boldt with second degree rape under RCW 9A.44.050(1)(d), alleging Boldt is "a health care provider," D.Y. is his "client or

patient," and the rape occurred "during a treatment session." At trial, Boldt argued D.Y. gave him sexual "vibes" during the massage and consented to sexual contact. D.Y. testified that she never gave Boldt permission to touch her in a sexual way and gave him "[a]bsolutely no[ ]" indication that she wanted sexual contact.

A jury convicted Boldt as charged. The court imposed a standard-range indeterminate sentence of 78 months to life. Boldt appeals.

ANALYSIS

<u>Vagueness</u>

Boldt argues we should reverse his conviction because RCW 9A.44.050(1)(d) is unconstitutionally vague. We review the constitutionality of a statute de novo. <u>State v. Watson</u>, 160 Wn.2d 1, 5-6, 154 P.3d 909 (2007).

We presume a statute is constitutional, and a party challenging a statute on vagueness grounds has the heavy burden of proving vagueness beyond a reasonable doubt. <u>State v. Coria</u>, 120 Wn.2d 156, 163, 839 P.2d 890 (1992). Principles of due process underlying the vagueness doctrine require that the State afford a defendant fair warning of the proscribed conduct. <u>See</u> <u>Spokane v. Douglass</u>, 115 Wn.2d 171, 178, 795 P.2d 693 (1990). A party challenging a statute as vague must show beyond a reasonable doubt that either (1) the statute does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) the statute does not provide ascertainable standards of guilt to protect against arbitrary enforcement. <u>Coria</u>, 120 Wn.2d at 163.

Our first step in resolving a vagueness challenge is to determine whether we review the statute as applied to the facts of a particular case or on its face. Douglass, 115 Wn.2d at 181-82. If a statute does not involve First Amendment[1] rights, then we evaluate a vagueness challenge by examining the statute as applied to the particular facts of the case. Douglass, 115 Wn.2d at 182. Because RCW 9A.44.050(1)(d) does not invoke First Amendment considerations, we evaluate Boldt's vagueness challenge as applied to the facts. See State v. Mares, 190 Wn. App. 343, 352, 361 P.3d 158 (2015) (finding the third degree rape statute does not invoke the First Amendment and therefore the vagueness challenge must be evaluated as-applied).

A person commits second degree rape when,

under circumstances not constituting rape in the first degree, the person engages in sexual intercourse with another person . . . [w]hen the perpetrator is a health care provider, the victim is a client or patient, and the sexual intercourse occurs during a treatment session, consultation, interview, or examination. It is an affirmative defense that the defendant must prove by a preponderance of the evidence that the client or patient consented to the sexual intercourse with the knowledge that the sexual intercourse was not for the purpose of treatment.

RCW 9A.44.050(1)(d).

Boldt argues RCW 9A.44.050(1)(d) is unconstitutionally vague because it does not sufficiently define the word "treatment." He contends the definition of "treatment" is vague because it

allows the State to prosecute anyone who is a licensed health care provider while conducting any "professional service" that they hold

---

[1] U.S. CONST.

3

themselves out to be an expert in, regardless of whether that
[service] is actually treatment under any reasonable definition.

We disagree.

"[F]or purposes of RCW 9A.44.050," "treatment" is defined as "the active delivery of professional services by a health care provider which the health care provider holds himself . . . out to be qualified to provide." RCW 9A.44.010(15). The legislature defines "massage" and "massage therapy" as a "health care service involving the external manipulation or pressure of soft tissue for therapeutic purposes." RCW 18.108.010(6). "Health care provider" includes members "of a health care profession under chapter 18.130 RCW." RCW 9A.44.010(14)(a). "Massage therapists . . . licensed under chapter 18.108 RCW" are health care providers. RCW 18.130.040(2)(a)(iv); see also LAWS OF 2007, ch. 165, § 1 ("The legislature finds that licensed massage practitioners should be treated the same as other health professionals under Title 18 RCW.").

On July 27, 2017, Boldt was a licensed massage therapist holding himself out as qualified to provide massage therapy as a staff member of Hand and Stone Massage. He sexually assaulted his client D.Y. while delivering massage therapy services. As applied to Boldt, RCW 9A.44.050(1)(d) afforded fair warning of the proscribed conduct and provided an ascertainable standard to protect against arbitrary enforcement. The statute is not unconstitutionally vague.

Boldt proffers several hypothetical scenarios to show the definition of "treatment" is impermissibly vague. For example, he opines that the statute would cover a massage therapist providing " 'erotic massages,' " even though

4

other statutes outlaw that conduct. And the statute would cover a hypnotherapist engaging in sexual conduct while providing conversion therapy, "despite the dubious nature of such 'treatment.' " But because we review Boldt's claim as-applied, we examine the statute in the context of the particular facts of Boldt's case, not "hypothetical situations at the periphery of the [statute]'s scope." Douglass, 115 Wn.2d at 182-83.[2]

Rule of Lenity

Alternatively, Boldt argues that the definition of "treatment" as used in RCW 9A.44.050(1)(d) is "[a]t the very least" ambiguous, and we should apply the rule of lenity when interpreting its scope.[3] But Boldt identifies no ambiguity in the definition. Instead, he argues the term is defined too broadly for the same reason he argues it is impermissibly vague—because it allows the State to prosecute any health care provider engaged in "any 'professional services,' " no matter if the provider is qualified to perform those services. That the plain language of the definition does not distinguish between those services a professional is qualified to provide and those that a professional is not qualified to provide does not render the statute ambiguous. Because the statute is not

---

[2] Boldt also cites State v. White, 97 Wn.2d 92, 640 P.2d 1061 (1982), and State v. Williams, 144 Wn.2d 197, 26 P.3d 890 (2001), in support of his argument that the definition of "treatment" is unconstitutionally vague. Because both cases address the facial validity of statutes that invoke First Amendment rights, we do not find them persuasive. See White, 97 Wn.2d at 97 n.1; Williams, 144 Wn.2d at 203-04.

[3] The rule of lenity is a tool of statutory construction requiring us to construe an ambiguous statute in the light most favorable to a criminal defendant. State v. Evans, 177 Wn.2d 186, 193, 298 P.3d 724 (2013).

ambiguous, we need not apply the rule of lenity.  State v. McDaniel, 185 Wn.

App. 932, 936, 344 P.3d 1241 (2015).[4]

     We affirm Boldt's conviction for second degree rape.

Brennan, J

WE CONCUR:

Chun, J.

Verellen, J

---

[4] In a statement of additional grounds for review, Boldt argues that "the law does not state with specifics what consent by conduct is."  He is incorrect.  RCW 9A.44.010(7) defines "consent" as "words or conduct indicating freely given agreement to have sexual intercourse or sexual contact."  The court instructed the jury accordingly.