**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**


The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| ROYAL OAKS COUNTRY CLUB, a Washington Non-Profit Corporation, | No.  56478-5-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF REVENUE, | PUBLISHED OPINION |
| Respondent, | |

LEE, J. — Royal Oaks Country Club (Royal Oaks) appeals the superior court's order granting summary judgment for the Department of Revenue (DOR) and denying summary judgment for Royal Oaks.  Royal Oaks argues that the superior court erred by ruling that Royal Oaks' initiation fees for new club members were only partially deductible under RCW 82.04.4282.

We hold that the superior court erred by ruling that Royal Oaks' initiation fees were only partially deductible under RCW 82.04.4282.  Accordingly, we reverse and remand for the superior court to enter summary judgment for Royal Oaks.

FACTS

After performing a tax audit on Royal Oaks for tax period from January 2011 through March 2016, DOR determined that a portion of Royal Oaks' initiation fees for new members was tax deductible and other portions were non-deductible based on DOR's interpretation of RCW

No. 56478-5-II

82.04.4282. Royal Oaks unsuccessfully appealed DOR's determination, paid the taxes, and filed a complaint for a tax refund in superior court.

The parties agreed to a set of stipulated facts outlined below and filed cross motions for summary judgment. The superior court denied Royal Oaks' motion for summary judgment, granted DOR's motion for summary judgment, and dismissed with prejudice Royal Oaks' request for a tax refund.

A.     ROYAL OAKS' SERVICES AND MEMBERSHIP LEVELS

Royal Oaks is a nonprofit corporation that owns and operates a country club. Royal Oaks offers several amenities including a golf course, golf pro shop, fitness center, clubhouse with several dining options, golf practice facility, and swimming facility. Non-member guests must pay "greens fees" to access the golf facilities. Clerk's Papers (CP) at 231.

Royal Oaks offers several levels of membership. Proprietary members receive full access to all of Royal Oaks' facilities and services. Proprietary members can vote in elections for Royal Oaks' directors and officers and are eligible to serve in those roles. Additionally, Royal Oaks must receive proprietary members' approval for "'extraordinary issues'" specified in the bylaws. CP at 46. Proprietary members can seek approval from Royal Oaks' board to transfer their membership to a family member or business owned by a family member. And proprietary members who resign and relinquish membership can receive a "'refund equity'" of 25 percent of the current proprietary member initiation fee at the board's discretion. CP at 47

Corporate members receive full access to all of Royal Oaks' facilities and services. Each corporate membership is "owned by a registered business entity for the benefit of a designated employee." CP at 47.

2

No. 56478-5-II

Intermediate members receive full access to all of Royal Oaks' facilities and services. Intermediate members pay half dues until they reach the age of 35, when their memberships are converted to proprietary memberships. Intermediate members cannot vote for or serve as directors or officers. Intermediate members cannot transfer their memberships.

"'Social with golf'" members have unlimited access to Royal Oaks' fitness center, swimming facilities, dining facilities, and all social events. CP at 47. However, social with golf members have limited access to Royal Oaks' golf course and practice facilities. Social with golf members may play one round of golf per month and access the practice facilities on their day of play. Social with golf members may purchase items from the golf pro shop. And social with golf members may purchase additional rounds of golf from November through March, and their children may compete in the junior golf tournament. Social with golf members cannot participate in tournaments, vote for directors or officers, or serve as directors or officers.

Social members have unlimited access to the fitness center, swimming facilities, dining facilities, and all social events. However, social members cannot use Royal Oaks' golf course or practice facilities. Social members may purchase items from the golf pro shop. Social members cannot vote for or serve as directors or officers.

Dining members have unlimited access to Royal Oaks' dining facilities. However, dining members cannot use Royal Oaks' golf course, practice facilities, fitness center, or swimming facilities. Dining members may purchase items from the golf pro shop. Dining members cannot vote for or serve as directors or officers.

3

No. 56478-5-II

B.       ROYAL OAKS' INITIATION FEES

New members must pay a one-time initiation fee with their application to join Royal Oaks. The initiation fee amounts vary by membership level. During the tax period at issue, new members paid the following amounts:

| Year | Proprietary, Corporate, and Intermediate | Social with golf | Social | Dining |
|------|------------------------------------------|------------------|--------|--------|
| 2011 | $10,000 (reduced to $5,000 in May and June) | $1,000 | $200 | |
| 2012 | $10,000 | $1,000 | $200 | |
| 2013 | $10,000 | $1,500 | $1,000 | |
| 2014 | $10,000 (reduced to $5,000 in November and December) | $2,500 | $1,500 | $200 |
| 2015 | $10,000 | $2,500 | $1,500 | $200 |
| 2016 | $10,000 | $2,500 | $1,500 | $200 |

CP at 48.

Members must also pay monthly dues which vary in amount by membership level. Significantly, members must pay their initiation fee *and* their first month's dues before they may access any facilities, services, or social events. Members receive a monthly bill that includes charges for dues, greens fees, and other charges, which are separately stated and immediately due and payable. If a member does not pay their bill within 60 days, the member loses all membership privileges until they have fully paid their outstanding bills.

C.       AUDIT AND PROCEDURAL HISTORY

In December 2014, Royal Oaks sought to deduct its initiation fees from its taxable income. DOR audited Royal Oaks for the tax period from January 2011 through March 2016. DOR's auditor calculated the deductible portion of Royal Oaks' initiation fees using former WAC 458-

4

No. 56478-5-II

20-183 (1995) (former Rule 183), which allowed for a deduction of bona fide initiation fees[1] and dues. The auditor used the same calculation for both initiation fees and dues when determining whether Royal Oaks could take a deduction. Consistent with its calculation for dues, the auditor determined that only a percentage of Royal Oaks' initiation fees were deductible as bona fide initiation fees and that the remainder of the initiation fees were taxable as goods or services provided to members. DOR then assessed $2,640.00 in business and occupation taxes and $45,245.00 in retail sales taxes arising from Royal Oaks' income related to initiation fees.

Royal Oaks appealed to DOR, arguing that its initiation fees were wholly deductible under RCW 82.04.4282. DOR rejected Royal Oaks' arguments and affirmed its audit results relating to the deductibility of initiation fees. Royal Oaks petitioned for reconsideration, which DOR denied. Royal Oaks paid the taxes assessed by DOR.

Royal Oaks then filed a tax refund action in the superior court, again arguing that its initiation fees were wholly deductible under RCW 82.04.4282. The parties jointly filed a partial

---

[1] Former Rule 183 provided that "initiation fees" were those amounts paid solely to initially admit a person as a member to a club or organization. Former WAC 458-20-183(2)(i). Former Rule 183 defined "bona fide initiation fees" to include only one-time amounts paid that genuinely represent the value of membership in the club or similar organization. Former WAC 458-20-183(2)(i). According to former Rule 183, bona fide initiation fees "shall not include any amount paid for or attributable to the privilege of receiving any goods or services other than mere nominal membership." Former WAC 458-20-183(2)(i). Former Rule 183 provided that individuals seeking deductions from initiation fees may use one of two calculation methods to determine how much of their initiation fees are deductible. Former WAC 458-20-183(4)(c). Royal Oaks does not challenge the calculation method itself on appeal but instead argues that the initiation fees were wholly deductible and should not have been subject to the calculation.

Former Rule 183 was amended in 2018, and the provisions relied on by DOR were deleted. Wash. St. Reg. 18-11-126.

No. 56478-5-II

stipulation of facts and filed cross motions for summary judgment. The superior court denied Royal Oaks' motion for summary judgment, granted DOR's motion for summary judgment, and ruled that Royal Oaks' initiation fees were only partially deductible as bona fide initiation fees under RCW 82.04.4282.

Royal Oaks appeals the superior court's summary judgment orders.

ANALYSIS

A.    LEGAL PRINCIPLES

1.    Summary Judgment

We review summary judgment decisions de novo. *Wash. Imaging Servs., LLC v. Dep't of Revenue*, 171 Wn.2d 548, 555, 252 P.3d 885 (2011). "Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; CR 56(c). Where there are no disputed issues of material fact and the issue is how the tax statutes and regulations apply to the facts of the case, we treat the issue as a question of law and review the decision de novo. *Wash. Imaging*, 171 Wn.2d at 555.

2.    Statutory Interpretation

This case presents questions of statutory interpretation, which we review de novo. *Tesoro Refining & Mktg. Co. v. Dep't of Revenue*, 173 Wn.2d 551, 556, 269 P.3d 1013 (2012). When engaging in statutory interpretation, our primary objective is to determine and carry out the legislature's intent. *Id.* To determine the legislature's intent, we first look to the statute's plain language. *Id.*

If the statute's plain language is unambiguous, "we give the words their common and ordinary meaning." *Id.* "'Where statutory language is plain and unambiguous, courts will not

6

No. 56478-5-II

construe the statute but will glean the legislative intent from the words of the statute itself, regardless of contrary interpretation by an administrative agency.'" *Id.* (quoting *Agrilink Foods, Inc. v. Dep't of Revenue*, 153 Wn.2d 392, 396, 103 P.3d 1226 (2005)).

A statute is ambiguous only if "'it is subject to more than one reasonable interpretation.'" *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014) (quoting *City of Seattle v. Winebrenner*, 167 Wn.2d 451, 456, 219 P3d 686 (2009)). Only when a statute is ambiguous do we turn to statutory construction, legislative history, and relevant case law to determine legislative intent. *Id.*

The plain meaning of a statute is "derived from the context of the entire act as well as any 'related statutes which disclose legislative intent about the provision in question.'" *Id.* at 762 (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002)). We give effect to all the language in a statute and do not render any portion meaningless or superfluous. *Spokane County v. Dep't of Fish & Wildlife*, 192 Wn.2d 453, 458, 430 P.3d 655 (2018). We do not add words to statutes where the legislature chose to not include them. *Ctr. for Envtl. Law & Policy v. Dep't of Ecology*, 196 Wn.2d 17, 32, 468 P.3d 1064 (2020). And we use the dictionary to determine the plain meaning of undefined words in a statute. *Nissen v. Pierce County*, 183 Wn.2d 863, 881, 357 P.3d 45 (2015).

B.    DEDUCTIBILITY OF INITIATION FEES

Royal Oaks argues that the superior court erred by granting summary judgment for DOR because its initiation fees are wholly deductible under RCW 82.04.4282. We agree.

RCW 82.04.4282 provides for deductions from taxable income for certain types of payments as follows:

No. 56478-5-II

> In computing tax there may be deducted from the measure of tax amounts derived from bona fide (1) initiation fees, (2) dues, (3) contributions, (4) donations, (5) tuition fees, (6) charges made by a nonprofit trade or professional organization for attending or occupying space at a trade show, convention, or educational seminar sponsored by the nonprofit trade or professional organization, which trade show, convention, or educational seminar is not open to the general public, (7) charges made for operation of privately operated kindergartens, and (8) endowment funds. This section may not be construed to exempt any person, association, or society from tax liability upon selling tangible personal property, digital goods, digital codes, or digital automated services, or upon providing facilities or other services for which a special charge is made to members or others. If dues are in exchange for any significant amount of goods or services rendered by the recipient thereof to members without any additional charge to the member, or if the dues are graduated upon the amount of goods or services rendered, the value of such goods or services shall not be considered as a deduction under this section.

The parties advance differing interpretations of RCW 82.04.4282.

1.      First Sentence

The first sentence of RCW 82.04.4282 states, in relevant part, that "bona fide . . . initiation fees" are deductible. Royal Oaks argues that "bona fide initiation fees" are all fees paid for initiation, so long as there is no speciousness, bad faith, fraud, or deceit in treating the payments as initiation fees. DOR argues that "bona fide initiation fees" include only the portion of the initiation fees that are genuinely paid for membership. Specifically, here, DOR argues that only $200 per initiation fee is "bona fide" because that is the cost of the lowest initiation fee, and all payments beyond $200 are attributable to the use of services and facilities.[2]

Neither "bona fide" nor "initiation fees" are defined in Title 82 RCW, which addresses excise taxes. Therefore, we turn to the dictionary definition of those terms.

---

[2] We note that at oral argument, DOR was unable to identify any situation where an initiation fee would be fully deductible. Wash. Court of Appeals oral argument, *Royal Oaks Country Club v. Dep't of Revenue*, No. 56478-5-II (Oct. 20, 2022), at 24 min., 13 sec. through 25 min., 6 sec., *audio recording by* TVW, Washington State's Public Affairs Network, http://www.tvw.org.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 56478-5-II

"Bona fide" is defined as "made in good faith without fraud or deceit," "SINCERE," or "not specious or counterfeit: GENUINE." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 250 (2002). "Initiation" is defined as "the act or an instance of formally initiating (as into an office, sect, or society)." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 1164 . Taken together, the ordinary, everyday meaning of "bona fide initiation fees" is fees paid genuinely for the act or instance of formally initiating someone.

Here, the first sentence of RCW 82.04.4282 is unambiguous. The plain language of RCW 82.04.4282 shows that "bona fide initiation fees" do not include dues because "dues" are listed separately in the first sentence of the statute and addressed separately in the third sentence, as discussed below. *See* RCW 82.04.4282. Thus, the first sentence of RCW 82.04.4282 clearly allows for a deduction to be taken for "bona fide initiation fees." There is no dispute that the plain language of the statute only allows for a deduction of initiation fees that are genuinely related to the allowance of a person into club membership.[3] It also is undisputed that new members pay a one-time initiation fee to become a member at Royal Oaks.

---

[3] While we do not consider agency interpretations if the statute's plain language is unambiguous, we note that this definition aligns with DOR's own interpretation of "bona fide initiation fees" in former Rule 183, which was in effect during the tax periods at issue. *See Jametsky*, 179 Wn.2d at 762. Former Rule 183 provided that "initiation fees" were those amounts paid solely to initially admit a person as a member to a club or organization. Former WAC 458-20-183(2)(i). Former Rule 183 defined "bona fide initiation fees" to include only one-time amounts paid that genuinely represent the value of membership in the club or similar organization. Former WAC 458-20-183(2)(i). According to former Rule 183, bona fide initiation fees "shall not include any amount paid for or attributable to the privilege of receiving any goods or services other than mere nominal membership." Former WAC 458-20-183(2)(i).

DOR amended former Rule 183 in 2018 and removed the part of the rule addressing initiation fees. Wash. St. Reg. 18-11-126. The stated purpose of this amendment was to address

9

No. 56478-5-II

DOR argues that Royal Oaks may not take a full deduction for its initiation fees because part of the initiation fees are for facilities and services, with new members paying higher initiation fees to gain access to more facilities and services. But the record shows that the higher initiation fees only correspond with the new member's membership level. While the membership level determines the members' ability to access more services and facilities, the membership level also determines a member's ability to participate in tournaments, vote for leaders, serve in leadership positions, transfer memberships, and receive refund equities in the event of member resignation. Further, payment of the initiation fee does *not* automatically entitle new members to use Royal Oaks' facilities and services. Rather, Royal Oaks' new members must pay their first month's dues along with the initiation fee before they are allowed to use the club's facilities and services.

Because the dues are billed separately from the initiation fee, the initiation fee does not include any dues, which, again, must be paid before members may use the club's facilities and services. Members who fail to pay their monthly dues are denied membership privileges. Thus, Royal Oaks' initiation fees are for new members to become members of the club, not for their use of club facilities or services. Therefore, Royal Oaks' initiation fees fall within the plain language of the deduction for "bona fide initiation fees" allowed in the first sentence of RCW 82.04.4282.

---

initiation fees in a different rule. Wash. St. Reg. 18-08-051. As of January 2023, DOR had not issued another rule addressing initiation fees.

However, in October 2021, DOR issued Excise Tax Advisory (ETA) 3230.2021, which became effective in July 2022. Wash. Dep't of Revenue, Excise Tax Advisory 3230.2021 (Oct. 22, 2021), https://taxpedia.dor.wa.gov/documents/current%20eta/3230.2021.pdf. ETA 3230.2021 uses definitions for "bona fide initiation fees" that are substantially the same as those in former Rule 183.

10

No. 56478-5-II

2.      Second Sentence

The second sentence of RCW 82.04.4282 limits the deduction allowed in the first sentence. Royal Oaks argues that the second sentence only disallows deductions for special payments made in exchange for a particular good or service, like receiving a free set of golf clubs or five free golf lessons. DOR argues that the second sentence disallows deductions for any payment made in exchange for access to facilities that the taxpayer would ordinarily charge people to access.

The second sentence in RCW 82.04.4282 is also unambiguous. That sentence states, in relevant part, that the statute may not be construed as to allow any person, association, or society to be exempt from tax liability for "providing facilities or other services for which a special charge is made to members or others." RCW 82.04.4282.

Title 82 RCW does not define "special charge." The dictionary defines "special" to mean "supplemental to the regular," "confined to a definite field of action: designed or selected for a particular purpose, occasion or other end," or "containing particulars: DETAILED, SPECIFIC — opposed to *general*." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 2186. Therefore, a "special charge" is a charge supplemental to the regular charges, or one that is specifically designed or selected for a particular purpose. And in the context of the statute and the arguments advanced by the parties, these charges must be specifically designed or selected for the use of Royal Oaks' facilities or services.

Here, nothing in the record shows that Royal Oaks' one-time initiation fees are specifically designed or selected for anything other than membership into the club. The record shows that a new member's general use of the club's facilities and services is not included in the initiation fee as a "special charge." Contrary to DOR's argument, the undisputed record shows that Royal Oaks'

11

No. 56478-5-II

initiation fees do not include any amounts that can be considered a "special charge" to allow the new member to access club facilities because dues are billed separately at the same time as the initiation fee. It is the payment of the monthly dues that allows members to use the club's facilities and services.

There may be included in the monthly dues bill charges beyond the use of the club's facilities and services (e.g., food and drink purchases or merchandise purchases from the pro shop). These charges on the members' monthly dues bills might constitute "special charges" because they are supplemental to the regular dues for the use of the club's facility and services. But unlike special charges that may show up in a member's monthly dues bill, the stipulated facts show that there are no "special charges" included in initiation fees (e.g., new members are not provided free golf lessons, any free products that are included in the initiation fee, or any other free goods or services).

Therefore, the undisputed record shows that there is nothing included in the initiation fees that is a "special charge" within the limitation stated in the second sentence of RCW 82.04.4282. Because Royal Oaks' initiation fees do not fall within the limitation on tax deductions in the second sentence of RCW 82.04.4282, Royal Oaks' initiation fees remain fully deductible under the first sentence of RCW 82.04.4282.

3. Third Sentence

The third sentence of RCW 82.04.4282 provides another limitation for the first sentence's list of income that is deductible. The third sentence provides that

> [i]f dues are in exchange for any significant amount of goods or services rendered
> by the recipient thereof to members without any additional charge to the member,
> or if the dues are graduated upon the amount of goods or services rendered, the

12

No. 56478-5-II

> value of such goods or services shall not be considered as a deduction under this
> section.

RCW 82.04.4282.

The parties contest whether this sentence applies only to dues or to the other types of transactions listed in the first sentence of RCW 82.04.4282. The plain language of the third sentence applies only to "dues" and does not mention any of the other payments listed in the first sentence of the statute. Because we must not add words where the legislature chose to not include them, we decline to extend the application of the third sentence to other payments that are not dues. *See Ctr. for Envtl. Law*, 196 Wn.2d at 32.

This interpretation comports with the only adjudicated decision addressing the application of the statute's third sentence to initiation fees. *See Black Diamond Gun Club v. Dep't of Revenue*, No. 70949, 2010 WL 3944939, at \*5 (Wash. Bd. of Tax Appeals Sept. 14, 2010) ("The last sentence of RCW 82.04.4282 indicates that if dues are in exchange for any significant amount of goods and services, then they shall not be deductible. There is no such proviso for the category of initiation fees.").

While DOR argues that other published cases support its position, the cases that DOR cites are inapposite because they analyze the predecessor to the current statute and address only dues. *See Group Health Co-op. of Puget Sound, Inc. v. Wash. State Tax Comm'n*, 72 Wn.2d 422, 434, 433 P.2d 201 (1967) (holding that monthly fees were not deductible because they were dues for or graduated upon the amount of services rendered); *Red Cedar Shingle Bureau v. State*, 62 Wn.2d 341, 346-47, 382 P.2d 503 (1963) (holding that certain payments were not deductible as dues or contributions and that such payments would fall into the dues exception even if they were dues);

13

No. 56478-5-II

*Auto. Club of Wash. v. Dep't of Revenue*, 27 Wn. App. 781, 786-87, 621 P.2d 760 (1980) (holding that annual dues were not deductible).

The income at issue here is initiation fees, not dues. Dues for the use of the club's facilities and services are billed separately and not included in the initiation fee. Thus, the third sentence's limitation for tax deductions under RCW 82.04.4282 is inapplicable, and Royal Oaks' initiation fees remain fully deductible under the first sentence of RCW 82.04.4282.

CONCLUSION

We hold that the superior court erred by ruling that Royal Oaks' initiation fees were only partially deductible under RCW 82.04.4282. Accordingly, we reverse the superior court's order granting summary judgment for DOR and denying summary judgment for Royal Oaks, and we remand for the superior court to enter summary judgment for Royal Oaks.

Lee, J.

We concur:

Maxa, J.

Cruser, A.C.J.

14